# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| CASE NUMBER | 01 C 1494 | DATE | January 24, 2003 |
| CASE TITLE | Stark v. PPM America, Inc., et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Attorneys' Fees and Non-Taxable Costs (#77-1)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion for attorneys' fees and non-taxable costs ([77-1] is **GRANTED**. Defendants' fee petition is due by February 3, 2003; Plaintiff's objections are due by February 13, 2003. Additionally, Plaintiff's motion for leave to file a sur-reply [95-1] is **DENIED** as moot.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F. JOHN STARK, III, )
 )
Plaintiff, )
 ) NO. 01 C 1494
v. )
 ) JUDGE WILLIAM J. HIBBLER
PPM AMERICA, INC., )
PPM HOLDINGS, INC., and )
the AMENDED AND RESTATED )
PPM HOLDINGS, INC. CHANGE OF )
CONTROL SEVERANCE PLAN, )
PLAN NO. 503, )
 )
Defendants. )

## MEMORANDUM OPINION AND ORDER

On September 23, 2002, this Court entered summary judgment in favor of Defendants on, *inter alia*, Plaintiff's claim for benefits under a Change of Control Severance Plan. Consequently, Defendants, as prevailing parties in an ERISA action, move for an award of attorneys' fees and non-taxable costs. The Court has carefully considered the submissions by the parties[1], and reviewed its Memorandum Opinion and Order (hereinafter, "Mem. Op.") analyzing Plaintiff's benefits claim. For the following reasons, the Court finds Plaintiff's pursuit of benefits was not substantially justified, and therefore Defendants may recover their reasonable attorneys' fees and non-taxable costs incurred in defending against this action.

### STANDARD OF REVIEW

Pursuant to 29 U.S.C. § 1132(g)(1) of ERISA, "the court in its discretion may allow a

---

[1] Plaintiff seeks leave to file a sur-reply to correct what he contends are legal and factual errors contained in Defendants' reply brief. His request is denied. The Court is certainly capable of analyzing the applicable case law, and fully understands the relevant facts at issue in this case.

reasonable attorney's fee and costs of action to either party." Under ERISA, "there is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001). Although the Seventh Circuit has articulated two tests for analyzing the propriety of a fee request, *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998), both formulas essentially ask the same question, i.e., "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?", *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 593 (7th Cir. 2000) (citation omitted). In other words, because the Court recognizes that ERISA's remedial purpose is to protect, rather than penalize participants who seek to enforce their statutory rights, an award of fees to a successful defendant will be denied "if the plaintiff's position was both 'substantially justified'– meaning something more than non-frivolous, but something less than meritorious– and taken in good faith, or if special circumstances make an award unjust." *Senese*, 237 F.3d at 826.

## ANALYSIS

At the time Plaintiff filed this action to recover benefits under the Plan in May 2001, he had made no real attempt to exhaust the internal remedies set forth in the Plan. Although Plaintiff and his former employer had engaged in three months of settlement negotiations from December 2000 to March 2001 with respect to a severance package, those conversations did not entail a specific request by Plaintiff for benefits resulting from the occurrence of a change of control as defined by the Plan. Rather, as the Court found, the evidence presented by Plaintiff showed that he initially made a broad demand for "payment from all benefit plans in which [he] participates," and then later articulated a figure of 2.5 times his salary based on a formula he believed Defendants had been applying to severance packages for departing executives. (Mem. Op. at 9). Yet, only two

short months after the severance negotiations ended unsuccessfully, Plaintiff sued in federal court, claiming an entitlement to change of control benefits under the Plan.

But the Plan required Plaintiff to first submit a written application for benefits, that specified in reasonable detail the circumstances he believed constituted a change of control and identified the applicable Plan provisions, for evaluation by the Plan Administrator/Plan Committee. (Mem. Op. at 9). However, Plaintiff blatantly ignored this requirement and instead proceeded to litigate the issue of his entitlement to benefits, asserting a futility defense to his failure to exhaust. The Court afforded Plaintiff every benefit of the doubt, denying Defendants' motion to dismiss the complaint for failure to exhaust in order to allow Plaintiff an opportunity to develop his defense. In the end, though, on cross-motions for summary judgment, the Court flatly rejected Plaintiff's claim that further administrative review would have futile, because the evidence simply did not support such a contention. (Mem. Op. at 8-11). The Court ultimately considered the merits of Plaintiff's claim despite his failure to exhaust because it was clear Plaintiff could not show an entitlement to benefits under the Plan. (Mem. Op. at 11-13).

Nevertheless, contrary to Defendants' beliefs, the fact that the Court found Plaintiff's futility defense unpersuasive does not necessarily lead to a conclusion that he had no basis for pursuing this action for benefits. Exhaustion of administrative remedies is not a requirement imposed by the relevant statutory provision of ERISA that grants plan participants the right to sue for benefits, 29 U.S.C. § 1132(a)(1). In fact, the Seventh Circuit has expressly stated that this matter is committed to the sound discretion of the trial court. *See Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996). *See also* Mem. Op. at 8. As such, the Court does not believe Plaintiff's failure to file a claim for benefits prior to litigation, standing alone, renders his position in this lawsuit frivolous. *See Meredith v. Navistar Int'l Transp. Corp.*, 935 F.2d 124, 128 (7th Cir. 1991) (explaining

that attorney's fees should be awarded to the winning party except where the loser's position, even though rejected by the court, had a solid basis).

However, when Plaintiff not only disregarded the Plan language requiring him to explain the basis for his benefits claim, but then sued claiming an entitlement to benefits *even though he was unable at that time to identify a change of control that triggered rights under the Plan*, his actions crossed the line and became frivolous. *See Senese*, 237 F.3d at 824, 826 (finding fees warranted where neither plaintiff nor his attorney could have reasonably believed when the complaint was filed that the evidence supported a claim for benefits). At a minimum, Fed. R. Civ. P. 11 requires litigants and their attorneys to possess a reasonable factual and legal basis for seeking relief. *Id.* at 823. Plaintiff now says he believed the December 1999 and March 2000 corporate restructuring effected a change of control, but could not pinpoint the exact occurrence, i.e., the March 2000 transfer of PPMH's shares from Holborn Delaware Partnership to Brooke Holdings, Inc., until several months into the litigation.[2]

Generally, the Court would not find Plaintiff's failure to set forth all of the relevant facts in the complaint unusual, given the notice pleading requirement of federal court. *See* Fed. R. Civ. P. 8(a). However, in this instance it is clear that Plaintiff's evasive tactics allowed him to circumvent the claims procedure which afforded the Plan administrators an opportunity to evaluate the basis for a benefits claim, and proceed directly to federal court where he was able to

---

[2]Plaintiff's original Complaint and First Amended Complaint mentioned a number of possible changes of control, but it was not until October 2001, when Plaintiff filed a Second Amended Complaint, that he identified the HDP-Brooke Holdings transaction as the relevant one. However, Plaintiff neglected to specify the applicable change of control provision in the Plan, even though the Plan listed eight specific events that could constitute a change of control, as well as a catchall provision to cover instances where the Plan Committee deemed an event to be so.

-4-

use the discovery process to engage in a fishing expedition for the sole purpose of attempting to identify facts upon which to base the lawsuit he had already filed. Defendants were then forced into the position of blindly defending against a change of control theory Plaintiff had not yet formulated. The Court therefore finds Plaintiff's actions were taken in bad faith for the sole purpose of harassing Defendants who had refused to accede to Plaintiff's severance demands.

Plaintiff pleads ignorance as to the nature of the complex corporate transactions that had taken place, explaining he simply did not understand the ramifications of the share transfers or else he would have been able to identify the HDP-Brooke Holdings transaction as the triggering change of control sooner. But Plaintiff's change of control theory hinged solely upon the fact that the share transfer involved a non-corporation, Holborn Delaware *Partnership*, basic information Plaintiff, as a high-level executive, was aware of prior to his termination.[3] (Mem. Op. at 12-13). Thus, contrary to Plaintiff's contentions, he needed to rely on nothing more than the knowledge he possessed long before he filed this lawsuit in order to delineate his claim for benefits under the change of control Plan. Had Plaintiff followed the appropriate Plan procedures and presented this claim in March 2001 when settlement negotiations broke off, the parties could have likely avoided this costly and time-consuming lawsuit. *Cf. Hess v. Hartford Life & Accident Ins. Co.*, 274 F.3d 456, 464 (7th Cir. 2001) (fee award upheld where plan administrator failed to consider the appropriate information before him). Accordingly, the Court finds Plaintiff's position was not substantially justified, and an award of fees is appropriate.

Although Plaintiff now cries poverty, his affidavit fails to support this claim. Therefore, the Court finds that there are no special circumstances that would make an award of fees unjust.

---

[3]This transaction had also been disclosed to the public via filings with the SEC.

However, the Court emphasizes that it will only award Defendants' *reasonable* fees and non-taxable costs. Defendants' fee petition is to be filed by February 3, 2003. Plaintiff's objections are due by February 13, 2003.

**IT IS SO ORDERED.**

_____
JOHN W. DARRAH, DISTRICT JUDGE

DATED: January 24, 2003